UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STUART P. TITUS, CAROLINE TITUS,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>HUMBOLDT COUNTY FAIR ASSOCIATION, JEFF FARLEY, CINDY OLSEN, JOHN BURGER, RICHARD CONWAY, DOES 1 through 10,<br><br>　　　　Defendants. | Case No: C 14-01043 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| AND RELATED COUNTERCLAIMS. | |

The parties are presently before the Court on Defendants' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. Dkt. 123. Specifically, Defendants object to Magistrate Judge Donna Ryu's Order Regarding Discovery Letter Briefs. Dkt. 116. The discovery letter briefs set forth the parties' dispute regarding Ms. Barbara Tyler's attendance at several scheduled depositions. Dkt. 110, 112. Ms. Tyler is a claims adjuster for Defendants' insurer, and is not a party to this action. Plaintiffs asserted that Ms. Tyler had been disruptive, and urged the court to exclude her from future depositions. Defendants responded that Ms. Tyler's alleged conduct did not warrant exclusion, and urged the court to allow her to continue attending depositions.

In response to the Magistrate Judge's request for further information, Dkt 113, the parties filed a letter indicating that they (1) will videotape all but one of the scheduled depositions, and (2) can easily arrange for persons to observe the depositions remotely via

Skype, Facetime, or other similar program, Dkt. 114. After reviewing the parties' filings, the Magistrate Judge issued an ordered permitting Ms. Tyler to observe remotely and review videotape recordings of the depositions. Defendants object to the Magistrate Judge's order because: (1) it does not explicitly make the requisite "good cause" determination; (2) it does not identify the factors relevant to the determination; and (3) it is based on unsubstantiated assertions and inadmissible hearsay. Defs.' Mot. at 3-4.

"[A] district judge may designate a magistrate judge to hear any nondispositive pretrial matter pending before the court." S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1259 (9th Cir. 2013) (internal quotations omitted; alterations in original). After a magistrate judge issues a decision, a party has fourteen days to file an objection. Fed. R. Civ. Proc. 72(a). The district court must consider timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A); Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1041, n.4 (9th Cir. 2010). Under this standard, decisions of a magistrate judge "are not subject to de novo determination," and the reviewing court "may not simply substitute its judgment for that of the deciding court." Grimes v. City and Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). Clear error exists when the district court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001).

Here, the Magistrate Judge's decision to exclude Ms. Tyler from future depositions is not clearly erroneous or contrary to the law. For good cause shown, a court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including an order specifying terms for discovery and/or designating the persons who may be present during the taking of discovery. Fed. R. Civ. Proc. 26(c)(1). It is apparent from the challenged order that the Magistrate Judge found good cause to limit Ms. Tyler's involvement in future depositions. After reviewing the parties' letters, which clearly set forth the appropriate standard, the Magistrate Judge identified and weighed the salient factors. Specifically, the Magistrate noted that: (1) Ms. Tyler is not a party in this

action; (2) Ms. Tyler has purportedly engaged in disruptive conduct; (3) Defendants seek to have Ms. Tyler observe deponents in order to assess their credibility and effectiveness; and (4) videotape and other remote access technologies are ready available.[1]  Defendants proffered no reason why Ms. Tyler's physical presence is necessary, or why her absence will cause prejudice.  Finally, although the Magistrate Judge precluded Ms. Tyler from attending the depositions in person, the Judge permitted Ms. Tyler to observe remotely and review by videotape recording.  The Court finds that the Magistrate Judge's decision constitutes a reasonable exercise of discretion under Rule 26(c).

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge is DENIED.

2. This Order terminates Docket 123.

IT IS SO ORDERED.

Dated:  12/1/15

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[1] The Court finds unpersuasive Defendants' argument that the Magistrate Judge's order was based on unsubstantiated assertions and inadmissible hearsay.  As a threshold matter, Plaintiffs made an offer of proof as to the substance of sworn declarations.  See Joint Letter Br. at 3, n. 1.  Furthermore, although Defendants and Ms. Tyler denied certain allegations, they did not dispute at least one.  See id. at 6.  Specifically, following a deposition, Mr. Tyler told Plaintiffs' counsel, "get your fat ass out of here."  Id. at 3.  Such conduct fails to comport with minimum standards of professionalism.